17-CV-1044

# AFFIDAVIT

I Juan Restrepo being duly sworn, deposes and says:
date: July 23 of 2017.
I am not State v. Juan C. Restrepo-Duque.
"case" I.D. No. 1002011017. (State of Delaware).
The "case" is State v. Juan C. Restrepo-Duque.
"case" I.D. No. 1002011017. (State of Delaware).
The following is True for the "case" State v. Juan C. Restrepo-Duque. "case" I.D. No. 1002011017. (State of Delaware). The Judge was the Administrator of the "case". The Judge was the Person/Entity to whom the "case" was entrusted. The Trial Court was not fair and violated all of my Rights. The "case" was perpetrated by the State government. I claim my Rights, all of my Rights. I claim all my Rights as a person, as a human being, and as an individual residing within the confines of the government. I do not, I have not, and I will not resign my Rights. The "case" must be dismissed and the charges withdrawn as I did not commit any crimes and I did not do wrong.

date: July 23 of 2017

[Signature] Aug 03-2017
beneficiary

FILED
AUG 11 2017
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

SWORN and SUBSCRIBED before me this 3rd day of August 2017.
TIMOTHY T. MARTIN
NOTARY PUBLIC, STATE OF DELAWARE
My Commission Expires Upon Office
[Signature] Timothy J. Martin
Notary

URILIA

AFFIDAVIT

I Juan Restrepo being duly sworn, deposes and says:
Date: July 23 of 2017.
I am not State v. Juan C. Restrepo-Duque
   "Case" I.D.No.1002011017. (State of Delaware).
The "case" is State v. Juan C. Restrepo-Duque.
   "Case" I.D.No.1002011017. (State of Delaware).
The following is True for the "case" State v. Juan C.
Restrepo-Duque. "Case" I.D.No.1002011017. (State of Delaware):
The Judge was the Administrator of the "case". The Judge
Was the Person/Entity to whom the "case" was entrusted.
The Trial Court was not Fair and Violated all of my
Right. The "case" was perpetrated by The State government.
I claim my Rights, all of my Rights. I claim all my
Rights as a Person, as a human being, and as an
individual residing within the confines of the government.
I do not, I have not, and I will not resing my Rights.
The case must be dismissed and the charges withdrawn
as I did not commit any crimes and I did not do
wrong.
Date: July 23 of 2017

                                    Juan Restrepo   Aug.03-2017
                                    beneficiary


SWORN and SUBSCRIBED before me this 3rd day of August 2017.
    TIMOTHY T. MARTIN
 NOTARY PUBLIC, STATE OF DELAWARE
  My Commission Expires Upon Office

                    _____
                           Notary

Juan Restrepo's conviction was based on spoiled and planted evidence, witness government staff false testimony, prosecutors misconduct and ineffective assistance of lawyer.

juanrestrepoiaminnocent@gmail.com

**Juan Restrepo**

Juan Restrepo
SBI 00651488
James T. Vaughn Correctional Center
1181 Paddock Rd
Smyrna, DE 19977

FILED
AUG 11 2017
U.S. DISTRICT COURT
DISTRICT OF DE

Clerk
United State District Court
844 N. King Street
Wilmington, DE 19801

WILMINGTON DE 197
09 AUG 2017 PM

U.S.
X-RAY

U.S. POSTAGE
$0.70

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
v. )
Juan C. Restrepo-Duque ) No. 1002011017
Correct Full Name of Movant )
 )  _____
 ) (to be supplied by Prothonotary)
Date of Birth (3/6/1991) )
SBI No. 00651488 )
 )

## MOTION FOR POSTCONVICTION RELIEF

1. County in which you were convicted   Kent County

2. Judge who imposed sentence Honorable Robert B. Young

3. Date sentence was imposed January 15, 2015

4. Offense(s) for which you were sentenced and length of sentence(s):

    PK 10-03-0781 TIS Murder 2nd for 40 years

    IK 10-03-0782 TIS PDWCF for 25 years

    IK 10-03-0783 TIS Theft MV for 2 years

    IK 10-06-0458 TIS CCDI fo 1 year.

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes ( )    No ( X )

    If your answer is "yes," give the following information:

    Name and location of court(s) which imposed the other sentence(s):

    Date sentence(s) imposed:

    Length of sentence(s)

6. What was the basis for the judgment(s) of conviction? (Check one)

    ( ) Plea of guilty ( )

    ( ) Plea of guilty without admission of guilt ("Robinson plea") ( )

    ( ) Plea of nolo contendere ( )

    (X) Verdict of jury (X)

    ( ) Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial Honorable Robert B. Young

8. Did you take the witness stand and testify? (Check one)

    No trial ( )   Yes ( )   No ( X )

9. Did you appeal from the judgment of conviction? Yes ( X ) No (        )

   If your answer is "yes," give the following information:

   Case number of appeal <u>63,2015</u>

   Date of court's final order or opinion <u>December 17, 2015 & January 5, 2016</u>

10. Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court?

    Yes ( X ) No (  )          How many? ( 1 )

    If your answer is "yes," give the following information as to each:

    Nature of proceeding(s) <u>Petition for a Writ of Certiorari</u>

    Grounds raised <u>requirement of a Franks hearing and Sufficiency of Miranda warning</u>

    Was there an evidentiary hearing? <u>NO</u>

    Case number of proceeding(s) <u>15-1238</u>

    Date(s) of court's final order(s) or opinion(s) <u>June 5, 2016 Petition denied</u>

    Did you appeal the result(s)? <u>Rehearing denied August 8, 2016</u>

11. Give the name of each attorney who represented you at the following stages of the proceedings relating to the judgment(s) under attack in this motion:

    William T. Deely Esq.; Robert A. Harpster, Esq; Alexander Funk, Esq.; James Stiller, Esq; Robert Mozenter

    At plea of guilty or trial <u>Thomas D. Donovan #3944 / Jayce R. Lesniewski #5628</u>

    On appeal <u>Thomas D. Donovan #3944 / Jayce R. Lesniewski #5628</u>

    In any post-conviction proceeding Michael Confusione, Esq./ Brian J. Zeiger, Esq.

12. State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

**Ground one:** Ineffective Assistance of Counsel in violation of State and Federal Law

**Supporting facts (state the facts briefly without citing cases):** Defendant had ineffective assistance of counsel throughout the whole process including pretrial proceedings, trial and post trial. Counsel failed to adequately investigate the case as well as present any expert

witnesses involving the facts and evidence of the case, to adequately present and file suppression motion on numerous issues, to objects at trial to prejudicial statements and evidence during the trial as well as presenting the Defendant's case. The Defendant did not get adequate advice as to whether he should testify at his trial. In addition counsel did not adequately represent the Defendant during his appeal including but not limited to presenting all possible arguments for appeal or adequately arguing the issues that were raised on the direct appeal and raised the appropriate issues for the rehearing en banc. The defendant reserves the right to amend this argument to include specific reference to the numerous errs made by his attorneys and to file a legal memoranda with specific references to the record and case law. (See attached for a continuation of claims)

**Ground two:** There was insufficient evidence to support the conviction

**Supporting facts (state the facts briefly without citing cases):** The main and really only evidence that the Defendant committed the offense was his own statement that was questionably gotten by the police. There was no other evidence and the scientific evidence presented at trial tends to exclude the Defendant as the person who committed the offense. No DNA, no fingerprints, the murder weapon presented questions as to the likelihood it was the murder weapon. The defendant reserves the right to amend this argument to include specific reference to the numerous errs made by his attorney and to file a legal memoranda with specific references to the record and case law.

**Ground three:** There were numerous other errs in the trial that were not raised on Appeal

**Supporting facts (state the facts briefly without citing cases):** The record of this case clearly established a number of issues that could have been raised on Appeal but were not raised by the Defendant's Court Appointed attorneys and privately contracted attorneys. The defendant reserves the right to amend this argument to include specific reference to the numerous errs made by his attorneys and to file a legal memoranda with specific references to the record and case law.

**If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so:**

The defendant was represented by Attorneys who only raised two issues on the direct appeal regarding the search warrant and the Defendant statement admission no other issues were raised on Appeal which is also the basis for the ineffective assistance claim.

**Continuation of Ineffectiveness of defense counsel claims and additional grounds in violation of the 4th, 5th, 6th, 8th, and 14th Amendments of the US constitution and Delaware constitution**

1. The defense counsel failed to raise in the rehearing en banc the proper and very relevant argument for reconsideration regarding the Delaware Supreme Court contradictions in its analysis of defendant's allegations in the direct appeal as follows: The Supreme Court acknowledged that "the search warrant affidavit contained inaccuracies". However the Supreme Court did not consider since it was not adequately raised by defense counsel the fact that Restrepo had communicated with Wolf about meeting was Detective Porter's misstatement in his search warrant affidavit since, according to the chat, in reality the communication had been between "init48" and "purecolombianblood". Further, according to Detective Porter's own testimony and also Detective Willey testimony from High Tech Crimes Unit they had not developed any investigation in the victim's Acer laptop computer at that point yet nor identified who the usernames belonged to. The Supreme Court neither considered the time frame between the victim's and Brice Gaston's chat at 2:36PM and the EZ-Pass records that registered the northbound passing of the victim's transponder at 2:34PM that same day that demonstrated that the victim could not have been driving through the Route 1 Northbound EZ-Pass toll in Middletown at the same time he was chatting online in his home computer at the place where in fact he had the access to his Internet service in 2010 at his residence in Smyrna 22 miles south from that Toll. The Supreme Court erroneously considered that on February 15, 2010 the victim's vehicle would have been spotted in the Farmer's Market parking lot when the Supreme Court had acknowledged that said unknown vehicle could not have been positively identified by the police as belonging to the victim. In consequence for the foregoing reasons there was not probable cause for the warrantless arrest and the search warrant, therefore these should have been considered illegal.

2. Illegal warrantless arrest, nighttime search warrant. Violation of the 4th Amendment. The defense counsel failed to file a motion to suppress Detective Porter's fabrication of two criminal charges: Theft of the victim's vehicle and unlawful use of the victim's credit card with purpose to mislead the magistrate with a false probable cause to get the warrantless arrest and the illegal nighttime search warrant. In addition, he also fabricated other false facts that were uncovered through trial. So, the defendant should have been entitled to an evidentiary hearing to demonstrate these violations if an appropriate motion to suppress had been filed.

3. The defense counsel failed to investigate and file a motion to suppress the Illegal General Warrant: The words in Detective Porter's search warrant application: "Any and all but not limited to" did not satisfy the 4th Amendment's Particularity Requirement. Likewise, the state seized items that were not requested in the search warrant application: (1) Nokia cell phone, $381dollars, (2) USB cards, (3) computer file cards. Further, the State searched the contents of the computer, (3) computer file cards and (2) USB cards without a Search Warrant Application which were all not investigated and argued by the defense counsel.

4.  The defense counsel failed to investigate and file a motion to suppress evidence based on the ground that the State violated the Knock and Announce Rule. The Delaware Swat team without probable cause, nor an arrest warrant, and without the search warrant document unreasonably and violently broke the defendant's main home door and his room door and aggressively arrested all of the defendant's family members with excessive force and tightened zip ties on their hands behind their back.

5.  Perjury by witness. The defense counsel failed to object unfair witness assumptions, false testimony and to file motions to challenge and appeal the Proof Positive Hearing and Franks Hearing Court decisions on the grounds of the violation of the due process based on the ground of Detective Porter's perjuries in the Proof Positive Hearing, the Franks Hearing and the prosecutorial misconduct on subornation of perjury; Detective Porter misled the Court Judge with his perjuries. The State and the defense already had the discovery, the Farmers Market surveillance parking lot video and the physical police reports evidence where the State and the defense were aware of the truth. If that exculpatory evidence would have been presented in both hearings, that very relevant evidence would have corroborated that the witness, lead investigator Detective William Porter, fabricated probable cause in order to mislead the magistrate and justify the illegal and unreasonable nighttime search warrant and the warrantless arrest.

6.  The defense failed to adequately file the appropriate motion for suppression of evidence and Franks hearing regarding the time frame discrepancy between the printed R&J Traders store transaction receipt on February 15, 2010 at 2:56PM. and the Farmers Market parking lot video at 5:08PM. Indicating that the victim's credit card transaction and the unidentified vehicle surveillance video did not match, since the victim's credit card transaction had been done over two hours prior to the arrival of the unidentified vehicle to the Farmers Market parking lot. In addition the defense counsel failed to adequately investigate the time frame between the victim's online chat with Brice Gaston on February 14, 2010 at 2:36PM and the Middletown Route 1 Biddles Toll Plaza EZ-Pass records that registered the northbound passing of the victim's transponder at 2:34PM that same day. Which indicate that the victim must have been chatting from his home where he had his internet service instead of driving through the Biddles Toll Plaza EZ-Pass at the same time frame. It's absolutely impossible that the victim would be able to be at both places at the same time frame, since between the victim's residence in Smyrna and the Middletown Route 1 Northbound Biddle toll Plaza there are 22 miles.

7.  The defense counsel failed to adequately investigate and file the appropriate motion to suppress the defendant's statement on the grounds of the violation of the 5th amendment and the Miranda Rights to assure that the Defendant knew and understood his warnings and to honor his request to speak to an attorney. Once the Defendant requested an attorney all questions should have stopped and the police shouldn't have been allowed to dissuade the Defendant saying that "it be nice" to change his mind about wanting an attorney and incriminate himself without having a lawyer present. In addition, during a custodial interrogation, officers are not allowed to intimidate or coerce anyone into answering questions. If someone is bullied into giving or making

self-incriminating statements, the information will be inadmissible at trial and the defense counsel failed to adequately investigate and research the issue. Further, even though Detective Porter was aware that the defendant was a Colombian national by birth and Spanish by birth as he admitted in the trial (Porter 1T. B-37-38, B-43), Detective Porter purposely failed to tell him that he had the right to consult to his Colombian Consulate in order to accomplish and respect the law of the land of the International Vienna Convention Treaty. "Article 36 of the Vienna Convention on Consular Relations (1963), which the United States ratified in 1969, provides that when a national of a foreign country is arrested or detained on criminal or immigration charges, the detainee must be advised without delay of the right to have the detainee's consulate notified and that the detainee has the right to regular consultation with consular officials during detention and any trial." Defense counsel failed to adequately investigate and properly raise the issue prior to trial. Since this police violation contributed to the defendant's ignorance regarding his constitutional rights understanding associated to Detective Porter's bullying and the misrepresentation and contradiction of the Miranda Warnings, therefore, the defendant's waive was not knowing, intelligent nor voluntary.

8. The defense counsel failed to adequately investigate and file the appropriate motion to suppress the defendant's remaining statement on the ground of the violation of the 5th amendment and the Miranda Rights. The statement by Detective Chorlton that **"We're not your friends, we're not someone....we're not gonna go back and tell anyone, we're having a conversation with you okay."** was in fact a promise of confidentiality that directly contradicted the early Miranda advisement that **"anything you say can and will be used against you in a court of law."**

9. The defense counsel failed to object and file a motion on the ground of violation of due process on the grounds of Prosecutorial Misconduct during the trial closing arguments due to the following items and others: the State misled the Jury with false statements, false evidence, mischaracterization of evidence, discrediting of witnesses and their testimony, attacks to the defense's counsel, inflammatory statements, illegal and unfair personal opinions, and facts not in evidence.

10. Introduction of inadmissible evidence. The defense counsel failed to adequately investigate and file an appropriate motion to suppress the false murder weapon in evidence on the grounds that the 8-9 inch Knife is too short to reach the fatal stab wound depth of 12" to 16" inches that caused the victim's death, also that knife did not have any presence of human blood, nor the defendant's DNA or fingerprints.

11. The defense counsel failed to adequately investigate and file a motion to suppress or sever the criminal charges of Carrying of a concealed dangerous instrument, since the BB gun evidence does not exist and theft of the victim's vehicle. The victim's car was not mentioned in the interrogation and there was no physical evidence of the alleged theft. Further, Detective Porter testified that he did not have any information that the victim's Volkswagen had been stolen by the defendant. Thereafter he also testified that the keys seized in the defendant's residence were not tested as belonging to the victim's vehicle. (Porter B-93-94) and there is not any report

corroborating that the keys would have been tested as belonging to the victim's Volkswagen.

12. Double Jeopardy. The defense counsel failed to file a motion to suppress evidence on the ground of the 5th Amendment double jeopardy violation in that the Defendant was acquitted of Forgery in the second degree in the first trial, but the Court never instructed the Jury regarding the prior acquittal evidence. Additionally and according to the R&J Traders store clerk who actually had been in the sale transaction with the user of the victim's credit card identified a different person as the perpetrator and not the defendant in a photo lineup shown to the clerk by the police that included the defendant's photograph. The unfair use of evidence regarding the Farmer's Market parking lot surveillance video where the police could not identify positively an unknown car and its driver, and the alleged items that were bought by someone else in R&J Traders store since the defendant was acquitted previously of the victim's credit card issues. The unfairness and very high prejudicial use of evidence of the prior charge forced the defendant to defend against the same previously acquitted charge twice. Therefore, in the second trial, the evidence introduced by the State from the particular issues relating to the victim's credit card charge that was previously acquitted was a violation of the Due Process and the 5th Amendment double jeopardy and should have been omitted if the Defendant's counsel had effectively represented the Defendant.

13. The defense counsel failed to appeal the abuse of discretion of the trial court's denial of a Trial continuance, since the lead counsel withdrew within 30 days before the trial begun. The new lead counsel did not yet have the second counsel required to confront a First Murder Trial of that nature, nor the time and experience needed to prepare the case strategy in order to confront the very seriousness of that First Degree Murder Trial.

14. The defense counsel failed to object at trial or file a motion to suppress evidence on the grounds of Detective Porter's misconduct with his assumptions and prosecutorial misconduct opinion without evidence regarding the victim's death date on February 14, 2010 which was highly prejudicial against the defendant. The prosecutor must not express personal opinions without evidence. The prosecutor misled the Jury during its closing argument saying that the defendant told them that he ended victim's life on February 14, 2010, since the defendant never said anything like that, nor that he killed him. (According to the victim's death Certificate, the victim died on February 19, 2010 at 11:16AM).

15. Defense counsel were ineffective at the Defendant's sentencing and did not appeal the excessive punishment in the sentence since the defendant did not have any criminal activity, his criminal record is extremely limited - see motion for reduction of sentence. The defense filed a motion but it has not been decided yet as far as can be established.

Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

Signature of attorney (if any)
Leo John Ramunno, Esq
Bar # 2005
5149 W Woodmill Dr
Wilmington DE 19808

I declare the truth of the above under penalty of perjury.

1/5/2017
Date Signed

Signature of Movant

(Notarization not required)