IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUAN RESTREPO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-1745-CFC |
| ) | |
| ROBERT MAY, Warden ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

On February 8, 2021, the Court entered an Order for Petitioner to show cause, on or before March 8, 2021, why this case should not be dismissed for failure to prosecute. (D.I 11) The Order also directed Petitioner to file a completed form § 2254 petition by March 15, 2021 if wished to proceed with the instant habeas proceeding.

On February 25, 2021, Petitioner filed the following three documents: (1) an AEDPA Election Form stating that he is not seeking relief under 28 U.S.C. § 2254 but, rather, he is seeking relief under Article I, Section 9, Clause Two of the Constitution (D.I. 12); (2) a document stating that Petitioner wishes to proceed with the instant habeas proceeding because he is "innocent of all crimes charged" and is "being illegally detained and imprisoned" (D.I 13 at 1); and (3) an Affidavit stating he is "innocent of any and all crimes in the State of Delaware" and that he is "being illegally detained and imprisoned without [his] consent." (D.I. 14)

The instant case was opened after documents in another of Petitioner's proceedings were liberally construed as potentially requesting habeas relief. (*See* D.I. 1; D.I. 11) Despite being given several opportunities to clarify his claims, Petitioner's filings are still mostly incomprehensible.

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254, 28 U.S.C. foll. § 2254. To the extent Petitioner asserts his actual innocence as his sole ground for relief, a free-standing claim of actual innocence is not cognizable in a federal habeas proceeding. *See Albrecht v. Horn*, 485 F.3d 103, 121-122 (3d Cir. 2007). Petitioner does not appear to be asserting his actual innocence as a gateway claim of innocence to avoid a procedural bar, primarily because he does not provide any other ground for relief.[1]

Accordingly, the Court will summarily dismiss the instant Petition because it does not assert an issue cognizable on federal habeas review. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). *See United States v. Eyer*, 113 F.3d 470, 474 (3d Cir. 1997). A separate Order follows.

Dated: March 3, 2021

UNITED STATES DISTRICT JUDGE

---

[1] Actual innocence may be a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006).

2